

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**THE MEDICAL SOCIETY OF VIRGINIA**

 **Plaintiff,**

   v.          Civil Action No. 3:24cv311

**SAFE HAVEN BEHAVIORAL HEALTH &**
**WELLNESS, LLC**, *et al.*,

 **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Medical Society of Virginia's ("MSV")

Motion for Attorney's Fees and Costs (the "Motion"). (ECF No. 25.) Defendants Safe Haven

Behavioral Health & Wellness, LLC, Safe Haven E-Behavioral Health, LLC, Safe Haven

Behavioral Health, LLC, and Giovanni Pascal Pierre (collectively, "Defendants") have not

opposed or otherwise responded to the Motion.

The Court dispenses with oral argument because the materials before it adequately

present the facts and legal contentions, and argument would not aid the decisional process. For

the reasons articulated below, the Court will grant the Motion.

### I. Factual and Procedural Background

**A.** **Factual Background**

  **1.** **Defendants Infringed on MSV's SAFEHAVEN® Trademark**

The Medical Society of Virginia ("MSV") is a "statewide physician membership

organization" with "more than 10,000 physicians and physician assistant members." (ECF No.

23, at 1.) MSV owns "the federally registered SAFEHAVEN® trademark," which was

registered with the United States Patent and Trademark Office on February 8, 2023. (ECF No. 23, at 2–3.)

Defendant Giovanni Pascal Pierre is a nurse practitioner. (ECF No. 23, at 2.) Since 2021, Mr. Pierre established "multiple entities" with the mark "Safe Haven" in the corporate name, including Safe Haven Behavioral Health & Wellness, LLC, Safe Haven E-Behavioral Health, LLC, and Safe Haven Behavioral Health, LLC (collectively, "Defendant Entities"). (ECF No. 23, at 3–5.)

MSV alleged that Defendants' use of the Safe Haven mark constituted trademark infringement in violation of 15 U.S.C. § 1114.[1] (ECF No. 23, at 12.) On July 8, 2025, this Court entered default judgment in favor of MSV, holding that the "well-pleaded allegations in MSV's Complaint, deemed admitted as a result of default by Defendants, satisfy the requirements for trademark infringement." (ECF No. 23, at 12, 18–21.)

---

[1] 15 U.S.C. § 1114 provides, in relevant part:

(1) Any person who shall, without the consent of the registrant—

> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .
>
> \*       \*       \*
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1).

### 2.    MSV's Attorney's Fees and Costs

MSV seeks $11,645.00 in attorney's fees and $1,350.00 in litigation expenses for a total award of $12,995.00.  (ECF No. 25, at 1; ECF No. 26 ¶¶ 7, 8.)

MSV's counsel represents in a sworn affidavit that he is a partner at Hancock, Daniel & Johnson, P.C., where his practice "involves complex commercial litigation," "including trademark and other intellectual property disputes" in federal and state courts across Virginia and North Carolina.  (ECF No. 26 ¶ 4.)  His "hourly billing rate for this engagement was $425.00." (ECF No. 26 ¶ 5.)  He performed 27.4 hours in services in this matter.  (ECF No. 26 ¶ 7.) Counsel states that he is "familiar with the rates charged by other firms for complex commercial limitation in . . . this Court," and represents that "[t]he rates charged by [his] firm for this matter are well within the range of reasonable rates within this division for complex commercial litigation."  (ECF No. 26 ¶ 9.)

Counsel also represents in the affidavit that the $1,350.000 in expenses MSV seeks to recover "comprise the original filing fee, fees for service of process of the original summonses and complaint as well as service of the motion for default judgment, and the fee for an outside service to search and provide an affidavit that [Mr.] Pierre was not in active military service, which was required by the Servicemembers Civil Relief Act to obtain default judgment against an individual defendant."  (ECF No. 26 ¶ 8.)

### B.    Procedural Background

On May 1, 2024, MSV filed a one-count Complaint against Defendants asserting trademark infringement under the Lanham Act.  (ECF No. 1 ¶¶ 58–63.)  MSV sought damages and declaratory and injunctive relief based on Defendants' unauthorized use of MSV's trademark as well "reasonable attorneys' fees, expenses, and costs in accordance with 15 U.S.C. § 1117(a)."

3

(ECF No. 1, at 17.)

On June 5, 2024, MSV returned executed summons to the Court reflecting service of the Complaint on the Entity Defendants. (ECF Nos. 9, 10, 11.) On July 3, 2024, MSV returned Mr. Pierre's executed summons to the Court. (ECF No. 17.) Following service, no Defendant made an appearance or filed a responsive pleading within the time provided under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a).

On June 24, 2024, MSV requested that the Clerk of Court enter default as to each of the Entity Defendants. (ECF No. 15.) On June 25, 2024, the Clerk entered default as to those Defendants. (ECF No. 16.) On July 12, 2024, MSV requested that the Clerk of Court enter default as to Mr. Pierre. (ECF No. 18.) On July 23, 2024, the Clerk entered default as to Mr. Pierre. (ECF No. 19.)

On September 27, 2024, MSV filed a Motion for Default Judgment against all Defendants. (ECF No. 21.) In the Motion, MSV sought: (1) a permanent injunction; (2) an order that Defendants file a report detailing how they have complied with the injunction; (3) an order that Defendants transfer to MSV domain names incorporating elements confusingly similar to MSV's SAFEHAVEN® Mark; (4) an order that Defendants destroy all materials bearing the SAFEHAVEN® Mark; and (5) a determination that the case qualifies as "exceptional" under 15 U.S.C. § 1117(a). (ECF No. 21, at 3–4.)

On July 8, 2025, this Court granted the Motion for Default Judgment, (*see* ECF Nos. 23, 24), but "reserve[d] any determination regarding whether th[e] case qualifies as 'exceptional' under 15 U.S.C. § 1117(a)." (ECF No. 23, at 25; *see also* ECF No. 24, at 1–2.) The Court ordered MSV to "file any motion for fees, accompanied by briefing on whether this case constitutes an exceptional case" within two weeks of the Court's order. (ECF No. 24, at 2.)

4

On July 22, 2025, MSV filed the Motion, a declaration in support, and an accompanying memorandum. (ECF Nos. 25, 26, 27.)  On August 15, 2025, in their first filing in this matter, Defendants filed a Report of Compliance.  (ECF No. 28.)

## II.  Legal Standard

### A.    Costs and Attorney Fee Awards Under the Lanham Act

The Lanham Act provides that where a court finds "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office," the plaintiff "*shall* be entitled" to recover "the *costs* of the action."  15 U.S.C. § 1117(a) (emphasis added).  Costs are therefore awarded "as a matter of course for a violation of the Lanham Act."  *Landstar Sys., Inc. v. Landstar Onway, Inc.*, No. 1:22-cv-1417 (WEF), 2023 WL 6453482, at *15 (E.D. Va. Aug. 15, 2023).

But the Lanham Act limits the award of "reasonable attorney fees to the prevailing party" only "in exceptional circumstances."  15 U.S.C. § 1117(a).  Determination of whether exceptional circumstances exist "is in the sole discretion of the [c]ourt."  *Agri-Supply Co., Inc. v. Agrisupply.com*, 457 F. Supp. 2d 660, 666 (E.D. Va. 2006) (citing *Shell Oil Co. v. Comm. Petroleum, Inc.*, 928 F.3d 104, 108 n.6 (4th Cir. 1991)).  There is no "precise rule or formula for determining whether a case is 'exceptional.'"  *Citi Trends, Inc. v. Coach, Inc.*, 780 F. App'x 74, 80 (4th Cir. 2019) (quotation omitted).  "'An exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated.'"  *Moreland v. Pal of Mine Corp.*, No. 2:23-cv-211 (JKW), 2024 WL 3937267, at *8 (E.D. Va. Aug. 26, 2024) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).  But the United States Court of Appeals for the Fourth Circuit has set forth three factors that guide a district court's analysis of

whether a case is "exceptional" and an award of attorney's fees to the prevailing party is appropriate:

> (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; *or* (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 483–84 (4th Cir. 2018) (emphasis added) (quoting *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015) (adopting the United States Supreme Court's interpretation of an "an identical provision in the Patent Act" in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014))).

The prevailing party is required "to prove that a case is an 'exceptional case' under § 1117(a) of the Lanham Act by a preponderance of the evidence." *Verisign, Inc.*, 891 F.3d at 484–85.

**B.    Reasonable Attorney Fees**

In awarding attorney's fees under the Lanham Act, courts must also assess whether the fee award is "reasonable." 15 U.S.C. § 1117(a) (providing for recovery of "*reasonable* attorney fees to the prevailing party") (emphasis added); *Packaging Machinery Mfrs. Inst., Inc. v. Data Marketers, Inc.*, No. 1:19-cv-1583 (JFA), 2020 WL 913086, at *6 (E.D. Va. Feb. 7, 2020), *report and recommendation adopted*, 2020 WL 913082 (E.D. Va. Feb. 24, 2020).

To determine whether a fee award is reasonable, courts within the Fourth Circuit engage in a three-step analysis. First, a court must determine the lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar "calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983).  In assessing the reasonableness of the lodestar figure, the Court considers

the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th

Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.

1978).  These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions
> raised; (3) the skill required to properly perform the legal services rendered; (4) the
> attorney's opportunity costs in pressing the instant litigation; (5) the customary fee
> for like work; (6) the attorney's expectations at the outset of the litigation; (7) the
> time limitations imposed by the client or circumstances; (8) the amount in
> controversy and the results obtained; (9) the experience, reputation and ability of
> the attorney; (10) the undesirability of the case within the legal community in which
> the suit arose; (11) the nature and length of the professional relationship between
> attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d 216 at 266 n.28; *see also Robinson*, 560 F.3d at 243.

No strict formula exists as to the application of these factors.  *Trimper v. City of Norfolk*,

846 F. Supp. 1295, 103 (E.D. Va. 1994).  Indeed, "many of the[] [*Johnson*] factors usually are

subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."

*Hensley*, 461 U.S. at 434 n.9.  And "to the extent that any of [the *Johnson* factors] ha[ve] already

been incorporated into the lodestar analysis," a court need not "consider [those factors] a second

time." *E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 724 F.3d 561, 570

(4th Cir. 2013).  Thus, "the lodestar fee is the proper focus of the entire *Johnson* analysis in most

cases."  *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986).

To calculate a reasonable hourly rate, the district court must look to the prevailing market

rate in the community in which the court sits. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

"[T]he burden rests with the fee applicant to establish the reasonableness of the requested rate."

*Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).  To meet this burden, the "fee applicant must

produce satisfactory specific evidence of the prevailing market rates in the relevant community

for the type of work for which he [or she] seeks an award." *Id.* (emphasis added).  The fee applicant may establish such evidence through a "range of sources," including evidence of the fee awards counsel has received in the past, *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010), or "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community," *Robinson*, 560 F.3d at 245.

To calculate a reasonable number of hours expended, the court must exclude any hours that are "'excessive, redundant, or otherwise unnecessary, and therefore not reasonably expended in the litigation.'" *Lilienthal v. City of Suffolk*, 322 F. Supp. 2d 667, 670 (E.D. Va. 2004) (quoting *Hensley*, 461 U.S. at 434).  The court should also exclude hours worked on unsuccessful claims unrelated to the successful claims.  *Robinson*, 560 F.3d at 244.

### III.  Analysis

MSV moves the Court to recover its costs and attorney's fees.  Because costs are awarded to the prevailing party in a Lanham Act action as a matter of course, the Court will award MSV its costs.  As to attorney's fees, MSV argues, and the Court agrees, that this case presents an "exceptional" circumstance under § 1117(a), and that its requested attorney's fees are reasonable. (ECF No. 27, at 3–7.)  The Court will likewise award MSV its requested attorney's fees.

#### A.    MSV is Entitled to its Costs Under the Lanham Act

This Court previously found that Defendants were entitled to default judgment against MSV.  (ECF Nos. 23, 24.)  As the prevailing party, MSV is entitled to recover the costs of the action under the Lanaham Act.  15 U.S.C. § 1117(a) (the prevailing party *"shall be entitled"* to recover the costs of the action); *see also People For Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 371 (4th Cir. 2001) ("[T]he award of . . . costs under the Lanham Act is committed

8

to the sound discretion of the [trial] [c]ourt, based on the equities of each particular case.")
(quotation omitted).

Here, MSV seeks $1,350 in expenses. (ECF No. 25, at 1; ECF No. 26 ¶ 8.) "These
expenses comprise the original filing fee, fees for service of process of the original summonses
and complaint as well as service of the motion for default judgment, and the fee for an outside
service to search and provide an affidavit that [Mr.] Pierre was not in active military service,
which was required by the Servicemembers Civil Relief Act to obtain default judgment against
an individual defendant." (ECF No. 26 ¶ 8; ECF No. 26-1, at 5, 8–10.)

Because MSV is entitled to recover its costs under the Lanham Act, and the Court finds
that the requested costs are appropriate, the Court will award MSV costs in the amount of
$1,350. The Court next considers whether the case presents exceptional circumstances under
§ 1117(a) such that an award of attorney's fees would be appropriate.

**B.    This Case Presents Exceptional Circumstances That Justify An Award of
       Attorney's Fees Under the Lanham Act**

The Court next considers the three factors set forth by the Fourth Circuit to evaluate
whether a case is "exceptional" under the Lanham Act. As previously outlined, these factors
evaluate whether (1) there is an unusual discrepancy in the merits of the positions taken by the
parties, based on the non-prevailing party's position as either frivolous or objectively
unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; *or*
(3) there is otherwise the need in particular circumstances to advance considerations of
compensation and deterrence. *See Verisign, Inc.*, 891 F.3d at 483–84. The Court concludes that
the second and third factors weigh in MSV's favor, and that MSV has established by a

55555555635555555

preponderance of the evidence that the case presents exceptional circumstances such that a fee award is appropriate under § 1117(a).[2]

The second factor—whether the non-prevailing party litigated the case in an unreasonable manner—weighs in MSV's favor. *Verisign, Inc.*, 891 F.3d at 483–84. Safe Haven "litigated th[is] case in an unreasonable manner." *Verisign, Inc.*, 891 F.3d at 483–84. Safe Haven failed to respond to MSV and to the Court throughout the pendency of the litigation, from the filing of the Complaint through the Court's entry of default judgment in MSV's favor. *See Moreland*, 2024 WL 3937267, at *5 (finding that defaulting defendant did not litigate the case in a reasonable manner because it "ha[d] not responded at all"); *Packaging Machinery Mfrs. Inst., Inc*, 2020 WL 913086, at *6 (E.D. Va. Feb. 7, 2020) (same); *Hilton Worldwide*, 2016 WL 8223436, at *9 (same).

The third factor—the need in a particular circumstance to advance considerations of compensation and deterrence—likewise counsels in favor of a finding for MSV. *Verisign, Inc.*, 891 F.3d at 483–84. The circumstances before the Court present the need to "advance considerations of compensation and deterrence." *Verisign, Inc.*, 891 F.3d at 483–84. Safe Haven's complete disregard of this litigation, and the need to compensate MSV for Defendants' infringing behavior, compels a finding that this case is exceptional. *See Packaging Machinery Mfrs. Inst., Inc.*, 2020 WL 913086, at *5 ("[T]here is a particular need to deter defendant's

---

[2] Several courts in this District have also soundly found that factor one—whether there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable—weighs in a plaintiff's favor where the non-moving party defaulted and therefore advanced *no* positions during the litigation. *See e.g., Hilton Worldwide, Inc.*, 2016 WL 8223436, at *9 ("[D]efendant has offered no position to justify its infringement and violations. . . . [T]here does not appear to be any objectively reasonable position to justify defendant's actions."); *Packaging Machinery Mfrs. Inst., Inc.*, 2020 WL 913086, at *6 (same). Because the Court finds that MSV has satisfied factors two and three, it need not decide whether factor one also weighs in MSV's favor.

conduct in light of defendant's disregard of this litigation, alongside a need to compensate plaintiff for defendant's willful infringement."); *Hilton Worldwide*, 2016 WL 8223436, at \*9 (same).

MSV has shown by a preponderance of the evidence that the case is exceptional and that a fee award is appropriate under the Lanham Act. The Court next considers whether MSV's requested fee award is reasonable.

### C.    MSV's Requested Attorney Fee Award is Reasonable

The Court will award MSV $11,645.00 as reasonable attorney's fees.

First, the number of hours for which fees are requested is reasonable. Based on a review of the invoices provided by MSV, the Court agrees that 27.4 hours is a "reasonable amount of time . . . for the investigation, preparation, filing, and prosecution of this matter." (ECF No. 27, at 7; ECF No. 26-1, at 2–10.)

The Court next considers the reasonable hourly rate, which must be based on evidence of the prevailing market rate. Upon review of counsel's expertise and experience as described in his declaration, (ECF No. 26), the Court finds MSV's counsel's rate of $425 per hour reasonable. *See Hilton Worldwide*, 2016 WL 8223436, at \*9 (approving as reasonable hourly rates of $361.25 and $701.25); *Packaging Mach. Mfrs. Inst., Inc.*, 2020 WL 913086, at \*6 (approving $18,067 in fees for 44.5 hours, equating to a blended hourly rate of $406.00 in 2020).

Having reviewed the declaration and the invoices detailing the hours, fees, and costs for this matter, the Court concludes that the billing rates are reasonable, and that all entries in the invoices are reasonable and related to successful claims. Accordingly, the Court calculates the lodestar figure as $11,645.00, which represents a total of 27.4 hours multiplied by counsel's hourly rate of $425.00. Consistent with this figure, the Court will award MSV attorney's fees in the amount of $11,645.00.

### III.  Conclusion

For the reasons articulated above, the Court will grant the Motion,  (ECF No. 25), and award MSV costs in the amount of $1,350.00 and attorney's fees in the amount of $11,645.00.

An appropriate Order shall issue.

Date: 2/5/26                                         /s/
Richmond, Virginia                          M. Hannah Lauck
                                                       Chief United States District Judge

12